Filed 2/18/16  Wash & Go Car Wash v. Hanshaw CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WASH & GO CAR WASH CORP., | |
| Plaintiff and Appellant, | E061341 |
| v. | (Super.Ct.No. RIC1203897) |
| FREDERICK J. HANSHAW et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Gloria Trask, Judge.

Affirmed.

Law Offices of Timothy L. McCandless and Timothy L. McCandless for Plaintiff

and Appellant.

Debra V. Hoffman and Rowland Dinkins for Defendants and Respondents.

Plaintiff and appellant Wash & Go Car Wash Corp. (Wash & Go) sued defendants

and respondents Frederick J. Hanshaw and F. J. Hanshaw Enterprises, Inc. (collectively

referred to as defendants) for, inter alia, breach of contract and fraud regarding a contract

between Frederick and Grady Hanshaw to develop real property in Beaumont, California,

1

for which Wash & Go was an identified third party beneficiary. Defendants moved for summary judgment on the grounds of res judicata and the applicable statutes of limitation and repose. The trial court granted the motion and entered judgment in favor of defendants. We affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

Grady Hanshaw[1] (Grady) and Frederick Hanshaw (Frederick[2]) are brothers. Grady has two sons, Alex and William. Grady incorporated Wash & Go in Nevada on April 13, 1999, and it is wholly owned by Grady's sons.

On or about February 24, 2004, Grady and Frederick entered into a contract regarding the purchase and development of property located in Beaumont, California (the Contract). According to the terms of the Contract, Frederick and Wash & Go were to "each receive 50% of all profit from the sale of the property/land or shopping center, or 50% of all rental income from the management/operation of the shopping center after all interest payments and all other costs associated with the day-to-day operation of the shopping center." However, two days later, it appears that Grady (personally and on behalf of Wash & Go) and Frederick declared the Contract to be "null and void." On March 30, 2007, Wash & Go was dissolved.

---

[1] For ease of reference and with no disrespect intended, we will refer to any party named Hanshaw by his first name.

[2] The record shows that Frederick is also known as "Jack." However, we will only refer to him as Frederick in this opinion.

On June 3, 2010, Grady, individually, initiated an action in Orange County against Frederick for, inter alia, Frederick's alleged misrepresentations and breach of the Contract. According to the Orange County complaint, Frederick breached his fiduciary duties and the Contract by denying that Grady had any ownership interest in the shopping center developed in Beaumont. Grady further alleged that Frederick misrepresented his intent of giving Grady a 50 percent ownership in the Beaumont shopping center in exchange for Grady's services, including the location and development of the property. Frederick demurred to Grady's complaint on the grounds that Grady did not have standing to represent Wash & Go and that Wash & Go was an indispensible party. The Orange County court overruled the demurrer, finding that Grady had standing to represent the interests of Wash & Go. Wash & Go was still a dissolved corporation and was never made a party to the Orange County action. On July 1, 2011, the parties stipulated to settle the action. According to the settlement, Frederick paid $5,250,000 along with transferring real property in Rancho Cucamonga, to Grady in exchange for a dismissal of the action.

On October 26, 2011, Wash & Go's corporate charter was revived. On December 29, 2011, the court entered an order to enforce the settlement. On April 9, 2012, the court ordered the recording of grant deeds necessary to change ownership of certain real property identified in the settlement agreement.

Meanwhile, on March 19, 2012, Wash & Go initiated this action against defendants. By way of the second amended complaint (SAC), Wash & Go alleges breach of contract, fraud, accounting and constructive trust against defendants regarding the

3

Contract. It asserts that it was a disclosed third party beneficiary under the terms of the Contract, that Grady provided the expertise in developing real property located in Beaumont, and that neither Wash & Go nor Grady received anything in return for Grady's "sweat equity" in developing the property. According to the SAC, in March 2010, defendants "for the first time repudiated the Contract and denied that [Wash & Go] had any right, title and interest in the commercial shopping centers as set forth in the Contract, refused to convey any interest in said properties to [Wash & Go], and refused to compensate [Wash & Go] for all of the valuable services which were rendered unto the Contract by [Wash & Go's] efforts from 2004 to 2010."

On or about October 22, 2013, defendants moved for summary judgment. They argued that Wash & Go lacked standing as a third party beneficiary pursuant to Civil Code section 1559; that the same claims were made and settled in a prior action; and that the claims are time barred by the applicable statutes of limitations. Wash & Go opposed the asserted grounds for summary judgment. Following a hearing, the court granted the motion for summary judgment and entered judgment in favor of defendants. The court considered the Orange County action filed by Grady on January 3, 2010, along with the Order on Motion to Enforce Settlement. Although the court noted that Grady was the only plaintiff in the Orange County action, it found that Grady "was in privity [with] Wash & Go" because Grady was "so identified in interest with" Wash & Go that "he represents the same legal right." The court observed that the "Orange County claims assert the same primary right as the claims that Wash & Go makes here; and given that

4

the [C]ontract only provides for payment to [Frederick] and Wash & Go, the court can't see how Grady can have been asserting anything other but his own right."

For the reasons stated below, we agree with the trial court that Wash & Go's action against defendants is barred by the affirmative defense of res judicata as a matter of law, and we will affirm the judgment.

## II. DISCUSSION

### A. *Standard of Review.*

Summary judgment is properly granted if the "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken" in support of and in opposition to the motion "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subds. (b)(1), (c).)

"On review of a summary judgment in favor of the defendant, we review the record de novo to determine whether the defendant has conclusively negated a necessary element of the plaintiff's case or demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial. [Citation.]" (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673-674, disapproved on other grounds in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fn. omitted.) The scope of de novo review is determined by (1) the issues properly raised in the opening

5

brief and (2) the record provided for the appellate court's review. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.)

  *B. Wash & Go's Claims Are Barred by Res Judicata.*

  Wash & Go contends that its claims are not barred by the doctrine of res judicata because it was a defunct company during the pendency of the Orange County action and could not prosecute any claim with Grady. We reject this contention for the following reasons.

  "Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp.* v. *Monsanto Co.* (2002) 28 Cal.4th 888, 896-897 (*Mycogen*).) "A clear and predictable res judicata doctrine promotes judicial economy. Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (*Mycogen*, *supra*, at p. 897.) "'"The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [Citations.]"' [Citation.]" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797; *see Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 557 [res judicata "also precludes the litigation of issues that could have been litigated in the prior proceeding"].)

"California's res judicata doctrine is based upon the primary right theory." (*Mycogen*, *supra*, 28 Cal.4th at p. 904.) "The primary right theory is a theory of code pleading that has long been followed in California. It provides that a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] . . . . [¶] As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: 'Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.' [Citation.] The primary right must also be distinguished from the *remedy* sought: 'The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.' [Citation.]" (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681-682.)

Contrary to Wash & Go's contention that its damages are "distinct from the damages which were the subject of the ultimate settlement between Grady . . . and Frederick," Wash & Go's claims relating to the Contract are part of the same primary right asserted in Grady's action. The SAC in the instant action alleges that in 2003 Grady located the Beaumont property, told Frederick about it, agreed to develop the property

7

with Frederick if Wash & Go was "a third party beneficiary under the Contract," and performed all services (except financing) necessary to develop the property. Wash & Go asserts that defendants breached the Contract when Wash & Go and Grady "received nothing" in return for Grady's contributions. Wash & Go further asserts that "in March 2010, Defendants, and each of them, for the first time repudiated the Contract and denied that [Wash & Go] had any right, title and interest in the [property] as set forth in the Contract, refused to convey any interest in said propert[y] to [Wash & Go], and refused to compensate [Wash & Go] for all of the valuable services which were rendered unto the Contract by [Wash & Go's] efforts from 2004 to 2010."[3] According to the SAC, defendants "directly benefitted from the Contract because Grady . . . developed the unimproved properties into finished shopping centers, without any assistance from Defendants . . . [who] have paid nothing whatsoever under the Contract to [Wash & Go], as agreed." The other causes of action asserted in the SAC allege that defendants' actions were tortious and that an accounting and constructive trust is necessary. While Wash & Go is the only identified plaintiff, Wash & Go attributes Grady's actions as being those of "Plaintiff."

According to the complaint in the Orange County action, Grady asserted he and Frederick entered into the Contract regarding the Beaumont property, that he (Grady) agreed to provide certain services (similar to those described in the SAC) towards the acquisition and development of the property, that he performed all the services he was

---

**3** We note that Wash & Go also asserts that the breach occurred in July 2011 when defendants denied that Wash & Go had any interest in the property.

8

required to perform pursuant to the Contract, and that Frederick breached the Contract in March 2010 by claiming that Grady had no ownership interest in the Beaumont property. Grady's complaint identified the same property in Beaumont that is identified in the SAC. Moreover, Grady's complaint identified the Contract that is also identified in the SAC.

The rights being asserted in Wash & Go's action are those asserted in Grady's prior action. The pleadings of the respective cases demonstrate that Wash & Go here seeks the same compensation for the same personal services provided by Grady under the terms of the Contract as the previous lawsuit. It asserts the same claims that were settled in Grady's Orange County action against Frederick. As such, the primary right is unquestionably the same in both cases.

Nonetheless, Wash & Go argues that it "could not prosecute an action in the Orange County Superior Court together with Grady . . . in June of 2010, because it had been dissolved more than 3 years before the filing of Grady's action." The court in the Orange County litigation, however, addressed this issue when it overruled Frederick's demurrer to Grady's action.[4] The Orange County court found that Grady had standing to

---

[4] During the Orange County lawsuit, Frederick demurred to Grady's complaint on the grounds that Grady had no standing to represent the interests of Wash & Go, and that Wash & Go was an indispensable party to the litigation. Frederick noted that the Contract disclosed a three-way agreement between Grady, Frederick and Wash & Go, providing that Wash & Go (not Grady) was to receive a 50 percent share in the profits from the development of the Beaumont property. Frederick asserted that Grady side-stepped the "corporate formalities, and improperly assert[ed] the claims of [Wash & Go] as his own personal damages." Thus, Frederick argued that Wash & Go was a necessary party to the litigation. The Orange County court disagreed and overruled the demurrer.

represent the interests of Wash & Go in that litigation; this was the basis of its ruling that Wash & Go was not a necessary party to that litigation. As such, the time to assert any of Wash & Go's alleged damages that are "distinct" from those Grady allegedly suffered individually was during the litigation of that prior action.

For the above reasons, the trial court properly applied the doctrine of res judicata. As such, we need not decide Wash & Go's remaining contentions, and we will affirm the judgment below.

## III.  DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                    HOLLENHORST
                                                          J.

We concur:


    RAMIREZ
                    P. J.

    CODRINGTON
                    J.